IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TIMOTHY J. BURCH,**

    **Plaintiff,**

    v.                                                 CASE NO. 21-3257-SAC

**STATE OF KANSAS, et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this pro se civil rights complaint under 42 U.S.C. § 1983. The Court denies Plaintiff's motion for leave to proceed in forma pauperis (Doc. 7). Plaintiff's motion and affidavit show that Plaintiff has sufficient funds to pay the filing fee. Plaintiff shall submit the filing fee by December 13, 2021. Failure to submit the fee by this deadline may result in dismissal of this action without further notice.

Plaintiff has filed a motion for the appointment of counsel (Doc. 4). Plaintiff argues that the issues in this case are complex and technical, the suit may turn into a class action or have many requests for intervention, Plaintiff is not formally trained in the law and has limited access to legal materials, Plaintiff has been unable to obtain counsel on his own, and the case will involve experts and privacy concerns.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v.*

1

*Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion to proceed in forma pauperis (Doc. 7) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit the filing fee by **December 13, 2021**.  Failure to submit the fee by this deadline may result in dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4) is **denied without prejudice.**

IT IS SO ORDERED.

Dated November 30, 2021, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
Sam A. Crow
U.S. Senior District Judge