IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY J. BURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 21-3257-DDC-KGG |
| ) | |
| STATE of KANSAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM & ORDER GRANTING MOTION TO STAY

Now before the Court is the "Motion to Stay Discovery" filed by Defendants Judge Robert Burns, Judge Constance Alvey, Judge Karen Arnold-Burger, and Judge Marla Luckert (hereinafter "Defendants" or "Judicial Defendants"). (Doc. 40.) Defendants argue that the case should be stayed because there is a pending dispositive motion which raises the issue of immunity from suit. (*Id*., at 2.) Defendants' Motion to Stay (Doc. 40) is **GRANTED** for the reasons set forth below.

## FACTUAL BACKGROUND

The Judicial Defendants filed their Motion to Dismiss on February 7, 2022. (Doc. 38.) Therein, the Judicial Defendants argue that they "are not proper parties to this suit because suit is barred by the State's sovereign immunity under the

1

Eleventh Amendment and because no case or controversy exists between Burch and the Judicial Defendants." (Doc. 39, at 5-7.) They continue that Plaintiff may not seek release from state custody pursuant to 42 USC § 1983, but rather his sole remedy is under 28 USC § 2254. (*Id*., at 7-9.) Finally, the Judicial Defendants argue that they are entitled to absolute judicial immunity from monetary damage claims. (*Id*., at 9.)

Concurrently with the Motion to Dismiss, Defendants filed the present Motion to Stay Discovery pending a decision from the District Court on their Motion to Dismiss. (Doc. 40.) Plaintiff, who represents himself *pro se*, did not respond to the motion and the time to do so has expired. D. Kan. Rule 6.1(d)(1). When a responsive brief is not filed, such motions are considered uncontested. D. Kan. Rule 7.4. The Court has, however, reviewed the Motion to Stay on its substantive merits.

## ANALYSIS

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." **Toney v. Harrod**, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing **Pet Milk Co. v. Ritter**, 323 F.2d 586, 588 (10th Cir. 1963); **McCoy v. U.S.**, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the

most extreme circumstances." ***Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983).  Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion.  ***McCoy***, 2007 WL 2071770, at *2;  *see also* ***Wolf v. United States***, 157 F.R.D. 494, 495 (D. Kan. 1994).

There are, however, recognized exceptions to this policy.  A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." ***Arnold v. City of Olathe, Kan.***, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).  *See also* ***Toney***, 2018 WL 5830398, at *1; ***Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.***, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013); ***Kutilek v. Gannon***, 132 F.R.D. 296, 297–98 (D. Kan. 1990).  If one of these circumstances is present, a stay may be appropriate.  ***Wolf***, 157 F.R.D. at 495.  *See also* ***Watson v. Unified Sch. Dist. No. 500***, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019).

Defendants argue that all four of these circumstances are present:

> The first element is met:  Judicial Defendants have filed a Motion to Dismiss that will likely conclude the

3

> action. [Plaintiff's] Complaint is barred as a matter of law. The second and third elements are met. Discovery would not change anything and would most probably constitute harassment of the Judicial Defendants.
> The fourth element is met[,] also. The Motion to Dismiss raises sovereign/Eleventh Amendment immunity and judicial immunity.

(Doc. 40, at 2-3 (citations omitted).)

The undersigned Magistrate Judge does not and need "not state an opinion as to the validity of defendant's motion to dismiss … ." ***Watson***, 2019 WL 2174132, at *2. Rather, the Court must merely be "satisfied that the case would likely be concluded should [Defendants] prevail on [their] dispositive motion." *Id*. It is undisputed that if the District Court concludes the case lacks subject matter jurisdiction, the lawsuit must be dismissed with prejudice.

Because it is uncontested that the case could be resolved through the dispositive motion – for which no evidence beyond the pleadings will be considered – the Court finds that discovery at this stage would be burdensome and wasteful. The Court also finds that the pending issues of sovereign and judicial immunity warrant a stay of discovery.

Defendants' Motion to Stay (Doc. 40) is, therefore, **GRANTED** until the District Court rules on Defendants' Motion to Dismiss. In reaching this determination, the Court makes no inference or findings as to the potential validity of the arguments raised in Defendants' dispositive motion.

4

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay (Doc. 40) is **GRANTED**.

IT IS SO ORDERED.

Dated this 23rd day of February, 2022, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE