IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY J. BURCH,

    Plaintiff,

v.

STATE OF KANSAS, et al.,

    Defendants.

Case No. 21-3257-DDC-KGG

## MEMORANDUM AND ORDER

Plaintiff Timothy J. Burch proceeds pro se[1] and moves voluntarily to dismiss this case under Fed. R. Civ. P. 41(a)(2). *See* Doc. 50 at 1. The court liberally construes plaintiff's motion as a motion under Fed. R. Civ. P. 41(a)(1)(A)(i) because this rule permits him to dismiss his case as a matter of right before defendant files an answer or a motion for summary judgment. Here, the defendants have filed neither an answer nor a motion for summary judgment. So, by rule, plaintiff may dismiss his action as a matter of right. Plaintiff dismissed this case when he filed his motion and thus defendants' Motions to Dismiss (Doc. 38; Doc. 43) are moot.

To clarify why plaintiff's filing is self-executing, the court briefly reviews the procedural history of this case and recites the legal standard governing voluntary dismissals under Federal

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

Rule of Civil Procedure 41(a) before explaining why plaintiff's motion is best construed as a filing invoking that rule.

## I. Procedural History

Plaintiff filed this action on November 5, 2021. Doc. 1. He brings claims under 42 U.S.C. § 1983 for a wide variety of constitutional violations purportedly committed by a wide variety of defendants. *See id.* The "Judicial Defendants"—Judge Constance M. Alvey, Chief Judge Karen Arnold-Burger, Chief Judge Robert Burns, and Chief Justice Marla Luckert—filed a Motion to Dismiss plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim. Doc. 38. The "non-judicial defendants"[2] also filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. Doc. 43. After defendants moved to dismiss the case, plaintiff filed a "Motion to Stay Proceedings and Leave Case Open" (Doc. 47). In effect, this motion asks the court to stay the case. Defendants oppose plaintiff's Motion to Stay. Doc. 48; Doc. 49. Then, on April 4, 2022, plaintiff filed his "Motion for Voluntary Dismissal Without Prejudice" (Doc. 50).

---

[2] The "non-judicial defendants" are:

- The State of Kansas,
- "Prosecutors" Attorney General Derek Schmidt, Derenda J. Mitchell, and David W. Davies,
- Jeff Zmuda, Secretary for the Kansas Department of Corrections,
- Laura Howard, Secretary for the Kansas Department on Aging and Disability Services (KDADS),
- "KDADS Employees" Mike Dixon, Marc M. Quillen, and Keri Applequist, and
- "Progress Review Panel members" Debra Day, Stacey Paige, Jeff Murphy, Marcus Herrera, Brad Base, Bruce Cappo, and John and Jane Does.

The two Motions to Dismiss cover all named defendants except defendant Tonya Taylor. Defendant Tonya Taylor has not filed an answer or a motion for summary judgment.

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) instructs that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" A plaintiff's Notice of Dismissal need not invoke Rule 41(a)(1)(A)(i) explicitly. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (construing pro se plaintiff's letter explaining plaintiff's financial inability to continue to litigate and requesting court to dismiss case without prejudice as Notice of Dismissal under Rule 41(a)(1)(A)(i) absent explicit invocation of Rule 41 because plaintiff sent the letter before defendant filed an answer or motion for summary judgment and the letter made a "clear statement that [plaintiff] wanted his action dismissed").

When the rule applies, the "dismissal 'is effective at the moment the notice is filed with the clerk,' and an order granting dismissal is 'superfluous, a nullity, and without procedural effect.'" *Lundahl v. Halabi*, 600 F. App'x 596, 603 (10th Cir. 2014) (quoting *Janssen*, 321 F.3d at 1000). "'There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.'" *Janssen*, 321 F.3d at 1000 (quoting *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)); *see also id.* at 1000–01 (surveying cases and observing that other "circuits are in accord").

**III.     Analysis**

Plaintiff asks the court to dismiss his action. Doc. 50 at 1. Defendants have not filed an answer or motion for summary judgment. It does not matter that some defendants have filed motions to dismiss. *See Lundahl*, 600 F. App'x at 603 ("The motions to dismiss filed by . . . Defendants did not preclude [plaintiff's] unilateral dismissal of the case." (citing *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011))).

3

Plaintiff's pro se motion invokes Fed. R. Civ. P. 41(a)(2), rather than Fed. R. Civ. P. 41(a)(1)(A)(i) but it nonetheless provides a clear statement that he wants the court to dismiss his action. The court properly may construe plaintiff's filing here as a Notice of Dismissal under Rule 41(a)(1)(A)(i). *See Janssen*, 321 F.3d at 1000 (construing pro se plaintiff's letter requesting dismissal as a Notice of Dismissal). Rule 41(a)(1)(A)(i) better suits the procedural posture of this case than Rule 41(a)(2) because defendants haven't filed answers or motions for summary judgment.

The court thus construes plaintiff's motion as a Notice of Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). "'The effect . . . is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.'" *Janssen*, 321 F.3d at 1000 (quoting *Duke Energy Trading & Mktg., L.L.C.*, 267 F.3d at 1049); *see also Ptasynski v. Kinder Morgan G.P., Inc.*, 220 F. App'x 876, 878–79 (10th Cir. 2007) ("[N]otice of voluntary dismissal without prejudice . . . automatically divested the [district court] of jurisdiction"). Plaintiff's voluntary dismissal is self-executing and "no action is required on the part of the court." *Janssen*, 321 F.3d at 1000.

Last, the court addresses plaintiff's request that the court "specify that [its] dismissal will not operate as an adjudication on the merits of plaintiff's claims[.]"[3] Doc. 50 at 1. Plaintiff's request is moot because, by rule, a Rule 41(a)(1) voluntary dismissal "is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). An exception to this rule, exists, however: a Rule 41(a)(1) notice of dismissal operates as an adjudication on the merits "if the plaintiff previously dismissed any

---

[3] Notably, this request invokes the language of Rule 41(a)(1)(B), not Rule 41(a)(2), which supports the court's construction of plaintiff's filing as a Rule 41(a)(1)(B) voluntary dismissal.

4

federal- or state-court action based on or including the same claim[.]" Fed. R. Civ. P. 41(a)(1)(B). The court has no idea whether plaintiff previously has dismissed an action based on these claims. And, defendants have provided no information suggesting that he did so. As discussed, plaintiff's Rule 41 dismissal divests the court of jurisdiction, and the court can't issue further orders addressing plaintiff's claims. *Janssen*, 321 F.3d at 1000. So, the court declines to rule this request to order a dismissal "without prejudice."

## IV. Conclusion

Plaintiff's motion voluntarily dismissed this case on April 4, 2022. The court thus directs the Clerk to note that dismissal on the docket and close the case. The court also dismisses as moot the Judicial Defendants' Motion to Dismiss (Doc. 38), the non-judicial defendants' Motion to Dismiss (Doc. 43), and plaintiff's Motion to Stay (Doc. 47).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Clerk note plaintiff's Dismissal (Doc. 50) on the docket and close the case.

**IT IS FURTHER ORDERED THAT** defendants' Motion to Dismiss (Doc. 38) is dismissed as moot.

**IT IS FURTHER ORDERED THAT** defendants' Motion to Dismiss (Doc. 43) is dismissed as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Stay (Doc. 47) is dismissed as moot.

**IT IS SO ORDERED.**

**Dated this 19th day of April, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**